IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRYAN ALEXANDER BLOUNT, | ) | |
| AIS #225319 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:10cv224-MEF |
| | ) | (WO) |
| BILLY MITCHEM, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is now before the court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Bryan Alexander Blount ("Blount"), a state inmate, on March 5, 2010.[1] After a jury trial, Blount was convicted of murder by the Circuit Court of Houston County, Alabama. On September 13, 2002, the trial court sentenced Blount to fifty-five years imprisonment. The Alabama Court of Criminal Appeals affirmed his conviction on August 15, 2003.

In this petition, Blount alleges that his constitutional rights were violated because he was incompetent to stand trial, and he was denied a competency hearing. He further alleges that the trial judge gave erroneous jury instructions. Finally, he contends that he was denied

---

[1] The law is well settled that, under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The documents filed by Blount indicate that he submitted the petition and accompanying documents for mailing on March 5, 2010. (Doc. # 2 at 3). In light of the foregoing and for purposes of the proceeding herein, the court deems March 5, 2010, as the date of filing.

the right to testify because he was not allowed to testify that he did not intend to kill the victim.

## I.  Claims barred by the Statute of Limitation

Pursuant to the orders of this court, the respondents filed an answer (doc. # 11) in which they argue that all of the claims raised Blount's petition, except the substantive competency claim, are barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[2]  The respondents contend that because Blount's murder conviction became final in October of 2003 – after the effective date of the federal statute of limitations – Blount must have filed his § 2254 petition within one year of this conviction becoming final, exclusive of the time that **any properly** filed state post-conviction petition related to the conviction remained pending in state court.  The respondents acknowledge that Blount filed a state post-conviction petition challenging his murder conviction on April 19, 2009.[3]  However, they argue that this Rule 32 petition failed to toll the one-year period of limitation for Blount's claims related to the jury charges, his

----

[2]  Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  This Act became effective on April 24, 1996.

[3]  The Rule 32 petition establishes that Blount executed the petition on April 19, 2009, and that date is therefore the earliest on which Blount could have submitted the petition to prison officials for mailing. (Doc. # 11, Ex. 12, at 13.)  As previously noted, a pro se inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing.  *Houston*, 487 U.S. at 271-72.  "Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing."  *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala. Crim. App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.")  Consequently, the mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama and April 19, 2009, is therefore the appropriate date of filing of Blount's Rule 32 petition.

right to testify, and his procedural due process claim regarding the trial court's failure to make a competency determination because the petition was not filed within the limitation period required by state law, and therefore, was not "properly filed" for the purpose of tolling the federal limitation period. *See* 28 U.S.C. § 2244(d)(2). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz* [*v. Bennett*, 531 U.S. 4 (2000)], which go to the ability to obtain relief. . . . [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.' . . . For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [state post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling [of the limitation period] under § 2244(d)(2)."); *Sweet v. Sec'y Dep't of Corr.*, 467 F.3d 1311, 1317 (11th Cir. 2006) ( untimely collateral motion deemed "not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation.")  It is likewise clear that Blount's Rule 32 petition was filed after the expiration of the federal limitation period and did not statutorily toll the one-year period of limitation because the state petition was not "pending" as required by 28 U.S.C. § 2244(d)(2) for tolling. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333-35 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.

2000).

Upon review of the pleadings and evidentiary material filed in this case and the law of this Circuit, the court concludes that no evidentiary hearing on these issues is required and that these claims are due to be denied because they were filed outside the one-year period of limitation mandated by applicable federal law.[4]

Blount's federal habeas petition was filed in this court on March 5, 2010. With respect to his jury instruction, right to testify, and procedural competency claims, these claims are precluded from review by this court because Blount filed this petition outside § 2244(d)(1)'s requisite one-year period of limitation. 28 U.S.C. § 2244(d)(1) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged judgment expires. Blount was convicted of murder in the Circuit Court of Houston County, Alabama on August 20, 2002. He was sentenced on September 13, 2002, to fifty-five years imprisonment. Blount filed a direct appeal with the Alabama Court of Criminal Appeals which affirmed his conviction on May 30, 2003. However, the Alabama Court of Criminal Appeals remanded the case to the trial court to determine and certify the actual time served by Blount pending trial, and to award him credit on his sentence for that time. The trial court complied with the order of the Court of Criminal Appeals, and the appellate court affirmed Blount's conviction and sentence on

---

[4] Pursuant to *Zack v. Tucker*, the court looks at each claim to determine whether the claim is timely asserted. "The federal statute of limitations requires a claim-by-claim approach to determine timeliness." — F.3d —, 2013 WL 105166. *1 (11th Cir. 2013) (No. 09-12717).

August 15, 2003.  Blount filed an application for rehearing which the Alabama Court of Criminal Appeals overruled on September 19, 2003.  Because Blount did not file a petition for writ of certiorari to the Alabama Supreme Court, the Alabama Court of Criminal Appeals issued the certificate of judgment on October 8, 2003.  Blount did not further appeal his conviction.[5]

By operation of law, Blount's conviction became final upon the expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court – fourteen days from the denial of the application for rehearing.  ALABAMA RULES OF APPELLATE PROCEDURE Rule 39(b)(3).  *See also Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  Thus, Blount's murder conviction became final, at the latest, on October 8, 2003 – the date on which the Alabama Court of Criminal Appeals issued the certificate of judgment.  Blount had one year from October 9, 2003 to file a federal habeas corpus petition, unless the limitation period was tolled due to a pending state post-conviction application for relief.[6]

---

[5]  Since Blount failed to further undertake the direct appeals process, he could not petition the United States Supreme Court for review of his conviction.

[6]  28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Although Blount filed a Rule 32 petition on April 19, 2009, this filing occurred after the expiration of the state period of limitation and was, therefore, not "properly filed" for the purpose of statutory tolling under 28 U.S.C. § 2244(d)(2).  "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster*, 199 F.3d at 1259.  *See also Moore*, 321 F.3d at 1381 ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending.' 28 U.S.C. § 2244(d)(2).  While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitation period has expired.  In order words, the tolling provision does not operate to revive the one-year limitations period if such period

Blount's one-year period of limitation, contained in § 2244(d)(1)(A) began to run on October 9, 2003, and ran uninterrupted until it expired on October 9, 2004. Blount's Rule 32 petition filed on April 19, 2009 had no impact on the running of the federal limitation period in this case because the motion was filed over four (4) years *after* the expiration of the limitation period. Blount filed his federal habeas corpus petition in this court on March 5, 2010. Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) clearly expired well before Blount filed the instant § 2254 petition.[7]

On April 27, 2010, the court ordered Blount to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the applicable one-year limitation period. In response to the court's order, Blount argues that he was incompetent to stand trial due to the "emotional trauma" associated with the shooting of Raymond Jackson. He also argues that it is a "gross miscarriage of justice" not to allow him to proceed on his jury instruction, right to testify, and procedural competency claims. Blount argues that he "innocent of the crime of intentional murder." (Doc. # 13 at 5). Consequently, the court construes Blount's pleading as raising an "actual innocence" claim. However, the

_____

has expired."); *Tinker*, 255 F.3d at 1335 n.4 ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). Thus, this state post-conviction petition did not toll the running of the applicable one-year period of limitation.

[7] The court notes that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000). However, there is nothing before the court which demonstrates the presence of "extraordinary circumstances" to warrant an "equitable tolling" of the limitation period.

argument is unavailing.

> To successfully plead actual innocence, a petitioner must show that his conviction resulted from "a constitutional violation." *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995). To do so, he must demonstrate "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 115 S.Ct. at 867; *Arthur* [*v. Allen*], 452 F.3d [1234], []1245 [(11th Cir. 2006)]. The petitioner must raise "sufficient doubt about [his] guilt to undermine confidence in the result of the trial." *Arthur*, 452 F.3d at 1245 (quotations and citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 282 (1998).

*Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008).

Blount has failed to make the requisite showing. He points to no fact in the record, nor has he submitted any 'new' evidence to support of his claim of innocence. He argues that "had he been allowed to testify that he did not "intend to cause the death of Raymond Jackson," the jury would not have convicted him of murder. Blount speculates that the jury would have found him guilty instead of manslaughter. His speculation about what the jury "would have done" is simply insufficient to support a claim of innocence.

Moreover, at his trial, the evidence showed that, after an altercation with the victim, Blount left the scene and returned with a pistol. It was undisputed that Blount shot Jackson at least twice. Blount admitted at trial that he shot Jackson. Six witnesses testified that they either witnessed the shooting or that Blount admitted to them that he had shot Jackson. Blount further testified that he only shot Jackson after Jackson "started lunging" towards him. (Doc. # 11, Ex. 5 at 195 & 199). Blount testified that he was terrified of Jackson, and

that Jackson was bigger than him.  However, Blount also testified that he had "cooled down" by the time he had returned with the gun, and several witnesses testified that during the altercation with Jackson, Blount threatened to get his gun, return and shoot Jackson.  The evidence presented at trial provided a sufficient basis for a reasonable juror to conclude that Blount was guilty of murder, not manslaughter.  Consequently, his 'actual innocence' argument fails on this basis too.

Thus, the court finds that the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired on October 9, 2004, well over five years before Blount filed his federal habeas petition.  Because Blount did not file in this court until March 5, 2010, his jury instruction, right to testify and procedural competency claims are time-barred and this court may not address those claims on the merits.  The court further concludes that the petitioner has failed to show sufficient cause to excuse his failure to file within the statutory period.

## II.  Substantive Competency Claim

Blount asserts that he was "mentally incompetent to stand trial."  (Doc. # 1 at 5; Doc. #13 at 3).  The respondents assert that Blount's substantive competency claim is without merit as this claim is refuted by the record.  In opposition to Blount's petition for habeas corpus relief, the respondents submitted a competency evaluation performed by psychologist Doug McKeown, Ph.D, on June 18, 2002, which was prior to Blount standing trial for murder.  Dr. McKeown noted that Blount's

> general attitude and demeanor is pleasant, cooperative and attentive to the situation.   There  is  no  overt  indication  of  difficulties  with  memory,

concentration or cognition.  He is fully oriented to time, person, place and situation. . . . His judgement and insight are considered quite adequate. . . Intellectually, he appears to be functioning between the average and low average range of intellectual abilities with comparable psychological insight.

Speech productivity is considered to be normal with normal flow and reasonable expressiveness.  He is somewhat animated and responsive and appears fully coherent.  Thought style appears generally normal with logical structure and without indication of major disruption of cognitive processes. There is no indication of hallucinations or delusions and he denies suicidal intent or ideation.

 . . . There is no abnormal eye contact or mannerisms.  His gesturing is appropriate and there is no inappropriate range of affect and adequate affective control.  He does indicate he gets depressed on occasion because of his current situation associated with incarceration.

*     *     *

All in all, there is no indication of major psychological difficulties or deficits.

*     *     *

All in all, Mr. Blount appears fully cognizant of the charges against him and the potential consequences for a conviction.  He also has a reasonable understanding of the potential outcome.

*     *     *

. . . There is no indication that there is an impairment of his ability to relate to his attorney.  There is no suggestion of a potential for unmanageable behavior or an inability to testify in a relevant fashion.  He understands legal strategies and identifies concepts such as a plea bargain and he goes on to indicate that "that is what my lawyer wants me to do but I don't want to."

All in all, Mr. Blount appears cognizant of the judicial process and the current legal situation.  He appears capable of assuming the role of a Defendant in a judicial proceeding.

(Doc. # 11, Ex. 7 at 2-4).

9

Dr. McKeown opined that Blount was under "no impairment of cognitive function." (*Id*. at 5). In response, Blount argues that the evaluation is false because "[n]o where on this evaluation . . . is my signature."[8] (Doc. # 13 at 2).

The law is well established that "[t]he Due Process Clause of the Fourteenth Amendment prohibits states from trying and convicting mentally incompetent defendants." *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995). Blount raises a substantive competency claim because he claims that he was "mentally incompetent to stand trial."[9] (Doc. # 13 at 3). In the trial court, after a hearing on the defendant's request for youthful offender status which the court denied, counsel for the defendant entered a "plea of not guilty, not guilty by reason of mental disease, and not guilty by reason of mental disease and defect." (Doc. # 11, Ex. 6 at 5-6). It is clear from a reading of the transcript that counsel entered the pleas prior to an investigation into Blount's mental state. (*Id*. at 7-8). No presumption of incompetency attaches simply because Blount entered such a plea, or because

---

[8] Blount also points to the facsimile date of March 25, 2010 to assert that the evaluation was created in 2010. Blount ignores the cover sheet from the Houston County District Attorney's Office indicating that the report was being faxed from the District Attorney's Office to the Attorney General's office on March 25, 2010. The fact that the report was sent by facsimile on March 25, 2010 does not demonstrate that it was also created on that date.

[9] As previously noted, Blount also raises a procedural competency claim because he alleges that the trial court failed to hold a competency hearing after he entered a plea of not guilty by reason of mental disease or defect. (Doc. # 13 at 1). This claim is barred by the statute of limitations.

Even if the court considered the merits of the procedural competency claim, Blount would be entitled to no relief. "To prevail on the procedural claim, "a petitioner must establish that the state trial judge ignored facts raising a 'bona fide doubt' regarding the petitioner's competency to stand trial." *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995) quoting *James v. Singletary*, 957 F.2d 1562, 1572 n.15 (11th Cir. 1992). This Blount has failed to do. Blount does not point to any irrational behavior, outbursts at trial, or other medical opinions that placed his competency in doubt. Dr. McKeown's evaluation, coupled with Blount's own testimony at trial, undermine his procedural competency claim.

10

he underwent a psychological evaluation. *See Medina*, 59 F.3d at 1106.

> To show entitlement to a postconviction evidentiary hearing on a substantive competency claim, "the standard of proof is high [and] the facts must positively, unequivocally, and clearly generate legitimate doubt." *Card v. Singletary*, 981 F.2d 481, 484 (11th Cir. 1992 (quotations omitted), *cert. denied*, 510 U.S. 839, 114 S.Ct. 131, 126 L.Ed.2d 86 (1993).

*Medina*, 59 F.3d at 1106. *See also Reese v. Wainwright*, 600 F.2d 1085, 1093 (5th Cir. 1979)[10] ("To sustain his present collateral claim that he was actually incompetent, [the petitioner] must bring forward facts that "positively, unequivocally, and clearly generate a real, substantial, and legitimate doubt" as to his mental capacity to assist in his trial defense.")

Blount fails to meet the high standard of proof necessary for this claim to survive. Blount points to no facts, other than his own self-serving conclusory statements, that he was mentally incompetent during his trial. No psychologist or psychiatrist calls into question Blount's mental competency at the time of trial. Prior to trial, Dr. McKeown conducted an evaluation of Blount and noted no cognitive impairment. He further indicated that Blount demonstrated no abnormal behaviors nor were there any manifestations of mental illness. At trial, one of the arresting officers testified that when Blount gave a statement after the shooting, although Blount was nervous, he did not appear scared or upset. (Doc. # 11, Ex. 4 at 74). During trial, Blount exhibited no irrational or disruptive behavior. His demeanor

---

[10]*See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

was respectful, and there were no outbursts.  Blount testified coherently and responded appropriately under questioning.  Nothing before the court generates any doubt about Blount's mental competency, and the evidence certainly does not rise to the level of "a real, substantial, and legitimate doubt."  Thus, the court concludes that Blount is entitled to no relief on this basis.  The petition for habeas relief is due to be denied, and this case is due to be dismissed.[11]

## CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d).  It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the petitioner.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **February 13, 2013.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

---

[11] Furthermore, the Alabama Court of Criminal Appeals properly adjudicated Blount's substantive competency claim on the merits, and thus he is entitled to no relief on this basis.  *See Price v. Vincent*, 538 U.S. 634, 638 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)"); *Williams v. Taylor*, 529 U.S. 362, 402 (2000).

Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*. See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of January, 2013.

        /s/Charles S. Coody

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE