IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRYAN ALEXANDER BLOUNT, AIS 225319,       Petitioner,<br><br>v.<br><br>KAREN WILLIAMS and STEVE MARSHALL,<br><br>      Respondents. | CASE NO. 1:10-CV-224-WKW<br>[WO] |

## **ORDER**

Fifteen years ago, Petitioner Bryan Alexander Blount filed this habeas petition under 28 U.S.C. § 2254, challenging the constitutionality of his state murder conviction under § 13A-6-2 of the Alabama Code and the resulting fifty-five-year sentence.  Regarding Petitioner's substantive claim of mental incompetence to stand trial, the district court denied the § 2254 petition on the merits.  Petitioner failed to meet the high burden of proof required to establish genuine doubt about his competency.  A pretrial psychological evaluation revealed no cognitive impairment or significant psychological issues, and Petitioner exhibited no irrational or incoherent behavior during the 2002 state trial proceedings.  (*See* Docs. # 16 at 8–13, 17.)  Final judgment in favor of Respondents and against Petitioner on his § 2254 petition was entered on March 1, 2013.  (Doc. # 18.)

Fast forward from 2013 to 2025: Petitioner now has filed a *pro se* motion for relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. # 29.) He seeks relief based on newly discovered evidence, which falls under Rule 60(b)(2). In addition, Petitioner invokes Rule 60(b)(6), the catchall provision that permits a court to reopen a judgment for "any other reason that justifies relief," provided the grounds are not covered by the more specific provisions of Rule 60(b)(1) through (5).

The alleged newly discovered evidence upon which Petitioner relies is as follows. While serving his sentence for murder, Petitioner allegedly set fire to his cell while in administrative segregation, resulting in a charge of second-degree arson in the Circuit Court of Elmore County, Alabama, in 2019. (Doc. # 39 at 6; Doc. # 39-4 at 6.) However, following a court-ordered mental capacity examination, the circuit court dismissed the case in 2023 pursuant to the State of Alabama's motion, which asserted Petitioner was not competent to stand trial. (Doc. # 29 at 3–4; Doc. # 29-1; Doc. # 39-4; Doc. # 39-6.) Petitioner contends that the 2023 dismissal of his arson charge is newly discovered evidence of his mental incompetency at the time of his 2002 trial. (Doc. # 29 at 1–8.)

Respondent Karen Williams opposes the motion, arguing principally that Petitioner's Rule 60(b) motion is a disguised successive habeas petition under

§ 2254. (Doc. # 39.) If Respondent is correct, the Rule 60(b) motion must be dismissed for lack of jurisdiction.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (citing Fed. R. Civ. P. 60(b)). However, a party cannot use a Rule 60(b) motion to circumvent the statutory restrictions imposed for filing second or successive § 2254 petitions. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam). "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez*, 545 U.S. at 529 (quoting *Rules Governing Section 2254 Cases in the United States District Courts*, Rule 11 (now Rule 12) (internal footnote omitted) (alterations in original).

A Rule 60(b) motion is, in effect, "a successive habeas petition if it: (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's previous resolution of a claim *on the merits*.'" *Williams*, 510 F.3d at 1293–94 (quoting *Gonzalez*, 545 U.S. at 532) (emphasis in original). By contrast, Rule 60(b) is not a successive habeas petition if it raises a non-merits "'defect in the integrity of the federal habeas proceedings.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 532).

3

When a Rule 60(b) motion effectively is a second or successive § 2254 petition, the petitioner must comply with the requirements set forth in 28 U.S.C. § 2244 by obtaining authorization from the appropriate court of appeals before the district court may consider the claim asserted in the motion. *See* 28 U.S.C. § 2244(b)(3)(A). A movant cannot circumvent this requirement by styling the motion as one under Rule 60(b) based on newly discovered evidence in support of a previously adjudicated claim: Because § 2244(b)(2)(B) "requires a more convincing factual showing than does Rule 60(b)," permitting a movant to proceed under Rule 60(b) in this context would be "'inconsistent with'" § 2254. *Gonzalez*, 545 U.S. at 531 (quoting *Rules Governing Section 2254 Cases*, Rule 11 (now Rule 12)). Accordingly, absent prior authorization from the appropriate court of appeals, the district court lacks jurisdiction to consider the merits of a Rule 60(b) motion that amounts to a disguised successive § 2254 petition. *See* § 2244(b)(3)(A); *Williams*, 510 F.3d at 1294–95 (remanding with instructions to dismiss the claims for lack of jurisdiction, where the petitioner's Rule 60(b) motion was deemed a successive petition as defined in *Gonzalez*).

Here, the court lacks jurisdiction to consider Petitioner's Rule 60(b) motion. Petitioner's claim in his original § 2254 petition that he was mentally incompetent to stand trial in 2002 was denied on the merits. His current argument that new evidence now demonstrates his mental incompetency at the time of trial constitutes

4

a direct challenge to the substance of the court's prior disposition of his claim on the merits and does not challenge a defect in the integrity of the habeas proceedings. *See Williams*, 510 F.3d at 1294 (holding that the petitioner's claim in a self-styled Rule 60(b) motion relating to newly discovered evidence was a "merits related claim[ ]," which was "in substance, part of a successive petition" under § 2254) (citation omitted). Additionally, from a commonsense perspective, the court could not have erred by failing to consider the evidence presented in Petitioner's Rule 60(b) motion. That evidence—specifically, the 2023 dismissal of a state indictment based upon mental incompetency—did not exist a decade earlier when the court decided the original § 2254 petition. Therefore, Petitioner's Rule 60(b) motion does not attack a "defect in the integrity" of his § 2254 proceeding, but rather seeks to relitigate the merits of a previously resolved claim. *Gonzalez*, 545 U.S. at 532.

Because the Rule 60(b) motion is, in substance, a successive petition under § 2254, Petitioner first must obtain authorization from the United States Court of Appeals for the Eleventh Circuit before asserting the claim raised in the motion. Under § 2244(b)(2)(B), the discovery of new evidence is a basis for seeking permission from the Eleventh Circuit to pursue a "second or successive" application if two prerequisites are met:

> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§ 2244(b)(2)(B). Petitioner must demonstrate to the Eleventh Circuit, not the district court, that his newly discovered evidence satisfies the stringent requirements of § 2244(b)(2)(B).

Because Petitioner's Rule 60(b) motion is the functional equivalent of a successive § 2254 petition, and because he has not obtained authorization from the Eleventh Circuit to file such a petition, this court lacks jurisdiction to consider the merits of the claim raised in the Rule 60(b) motion. Accordingly, it is ORDERED that Petitioner's Rule 60(b) motion (Doc. # 29) is DISMISSED for lack of jurisdiction.

DONE this 18th day of June, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE